No. 853

LUBIN et v. KING MILLS CO.

No. 19982. Supreme Court

On motion to certify. Dock. July 16, 1926; 4 Abs. 493.

1063. SALES—Where flour is sold without any guaranty of the quality and ingredients of said flour, may a party defend an action upon an accocnt, of which the flour is the subject, on the ground that the gluten content has been removed and it was therefore unfit for the baking of bread?

This action was brought originally in the Cuyahoga Common Pleas by H. H. King Flour Mills Company against Meyer Lubin and Harry Golenty upon an account the subject of which is flour sold to the plaintiffs in error.

It appears that Lubin and Golenty were flour salesmen who sold this product to millers and bakers.

Lubin and Golenty defended the suit on the ground that the gluten content of the flour had been removed by the process which the company used in making the flour and that it was therefore unfit for making bread. It was further contended that the company being a foreign corporation and not qualified to do business in Ohio, has done business by this transaction and is therefore not entitled to any relief.

Judgment of the Common Pleas in directing a verdict for the company was affirmed by the Court of Appeals.

The plaintiffs in error contend:

1. That the court erred in directing a verdict under the evidence produced.

2. That this action may not be maintained because the company has not qualified itself to do business in Ohio.

3. That the fact that the flour is not fit for the baking of bread is a good defense.

Attorneys—Turney & Sipe for Lubin et; Snyder & Snyder for Company; all of Cleveland.

---

No. 854

CONSERVATIVE MGE. & GUAR. CO. v. CENTURY IMP. CO.

No. 19990. Supreme Court

On motion to certify. Dock. July 19, 1926; 4 Abs. 510.

953a. PRIORITY—Is a waiver of priority executed by one mortgagee in favor of another which is executed and witnessed as a mortgage and placed on record, notice to subsequent purchasers of the mortgage held by the mortgagee who waived priority?

This action was brought originally in the Cuyahoga Common Pleas by the Century Improvement Company against the Conservative Mortgage & Guarantee Company for the foreclosure of a certain mortgage.

The mortgage purchased by the Improvement Company for $18,000 specifically waived priority in favor of a first mortgage of $30,000 on the same premises. Subsequently the $30,000 mortgage was paid and another mortgage executed by the owner of the fee for $50,000. The Improvement Company's assignor of the $18,000 mortgage executed a waiver of priority with the formalities of the mortgage and the same was placed on record.

The judgment of the Common Pleas in finding that the waiver of priority was not capable of being recorded as a mortgage and therefore said waiver was no notice to the Improvement Company of said waiver, was affirmed by the Court of Appeals.

The plaintiffs in error contend that the waiver of priority was notice to the Improvement Company and that therefore the $18,000 mortgage had no priority of the $50,000 mortgage.

Attorneys—C. S. Rud, N. Berne, Cleveland, for Plaintiff in error.